IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| VERIZON COMMUNICATIONS INC., | ) ) | COMPLAINT JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Lissa Hannan, who was adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Defendant discharged Ms. Hannan in retaliation for her complaints of sexual harassment. As a result of her retaliatory discharge, Ms. Hannan suffered backpay losses and emotional distress damages.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981a ("CRA of 1991").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Verizon, a Delaware corporation headquartered in New York, New York, (the "Employer"), has continuously been doing business in the Commonwealth of Pennsylvania and the Cities of Bellevue and Pittsburgh, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Lissa Hannan filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least October 24, 2005, Defendant Employer engaged in unlawful employment practices at its 590 Union Avenue, Bellevue, Pennsylvania and I-79, Pittsburgh, Pennsylvania locations, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such practices include Defendant's discharge of Lissa Hannan from her employment in retaliation for her engaging in protected activity under Title VII, as follows:

(a) Beginning on or about September 5, 2005, Lissa Hannan became employed by Defendant as a Senior Field Clerk in a "term employee" status. Her employment contract stated that her position would last anywhere from six to thirty-six months. Ms. Hannan worked for Defendant until her termination on January 13, 2006. At all relevant times, Ms. Hannan had satisfactory performance. Ms. Hannan was assigned to perform administrative tasks for Mr. Moody, a contractor whose office was adjacent to hers.

(b) On or about December 22, 2005, Ms. Hannan complained internally to her union representative that she was being sexually harassed by Moody at Defendant's Bellevue, Pennsylvania location. Ms. Hannan complained that Moody made offensive sex-based comments to her on a daily basis, and touched her in an offensive and unwelcome manner.

(c) On or about January 4, 2006, Union President, Jonathan Remington, accompanied Ms. Hannan to work and advised Ms. Hannan's second level supervisor, Bob Schmidtt, of Ms. Hannan's complaint of sexual harassment.

(d) That same day, January 4, 2006, Defendant separated Ms. Hannan and Moody by moving Ms. Hannan to its I-79 location in Pittsburgh, Pennsylvania pending an investigation into her complaint. Ms. Hannan was advised by her supervisor, Mary Anne Kirschner, that there was plenty of work for her at the I-79 location. With Ms. Kirschner's permission, Ms. Hannan left work early that day for a previously scheduled doctor's appointment for symptoms of depression and anxiety brought on by the sexual harassment.

(e) At Ms. Hannan's doctor's appointment on January 4, 2006, her physician placed her on medication, and put her on medical leave through January 11, 2006. At a follow-up

appointment on January 10, 2006, Ms. Hannan's doctor extended her medical leave until February 1, 2006. At all times, Ms. Hannan kept Defendant apprised of her status.

(f) On or about January 13, 2006, Mary Anne Kirschner and Bob Schmidtt contacted Ms. Hannan, via telephone, and informed her that her employment was terminated, effective immediately. Mr. Schmidtt informed Ms. Hannan that her employment was being terminated for absenteeism, job performance issues, and because there was not enough work for a Senior Field Clerk to do at the I-79 location.

(g) At no time during her employment was Ms. Hannan ever advised of any performance issues or problems. Moreover, Ms. Hannan was never advised of any absenteeism problems.

(h) At all relevant times, Defendant employed a Senior Field Clerk who was less senior than Ms. Hannan. According to the employment contracts, if one of the two employees was terminated for lack of work, the more senior employee was to be retained. Upon information and belief, the less senior Field Clerk was retained by Defendant, and continues to work for Defendant.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Lissa Hannan of equal employment opportunities and otherwise adversely affect her status as an employee in retaliation for engaging in activity protected under Title VII.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with reckless indifference to the federally protected rights of Lissa Hannan.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of retaliation.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to make whole Lissa Hannan, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendant Employer to make whole Lissa Hannan, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Lissa Hannan by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, depression, anxiety, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Lissa Hannan punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.  Order Defendant Employer to institute and carry out a complaint procedure which encourages employees to come forward with complaints regarding violations of its policies against discrimination.

H.  Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of retaliation of which they become aware to the department charged with handling such complaints.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, D.C.

*Jacqueline H. McNair*
JACQUELINE H. McNAIR
Regional Attorney

*Judith A. O'Boyle*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*Lisa H. Hernandez*
LISA H. HERNANDEZ
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Pittsburgh Area Office
Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-2695 (telephone)
(412) 644-2664 (facsimile)
LISA.HERNANDEZ@EEOC.GOV
PA ID # 87634