IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                     )
     Plaintiff, )
                     )
     v. )      Civil Action No. 07-1304
                     )
VERIZON COMMUNICATIONS, INC., )
                     )
     Defendant. )

MEMORANDUM ORDER

Gary L. Lancaster
District Judge.                       November   , 2008

       This is an action in employment discrimination. Plaintiff, Equal Employment Opportunity Commission, alleges that defendant, Verizon Communications, Inc., retaliated against a former employee in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. [Doc No. 1]. Specifically, plaintiff alleges that defendant discharged Lissa Hannan in retaliation for her complaints of sexual harassment.

       Defendant has filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56(c). [Doc. No. 10]. Defendant contends that plaintiff cannot establish a prima facie case of retaliation. According to defendant, plaintiff cannot establish a causal connection between Ms. Hannan's complaints of sexual harassment and her termination because the decision to terminate Ms. Hannan's employment pre-dated her complaints by approximately one month.

Alternatively, in the event plaintiff can establish a prima facie case, defendant argues that Ms. Hannan was terminated for a legitimate, non-discriminatory reason - lack of work - and there is no evidence that this reason is pretext for retaliation. [Doc. No. 13].

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986) (internal quotation marks omitted). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. Id. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

Based on the pleadings and evidence of record, and the briefs filed in support and opposition thereto, the court concludes as a matter of law, that there remains a genuine dispute over

material facts which precludes summary judgment in this matter. These facts include, but are not limited to, when and why defendant decided to terminate Ms. Hannan's employment.

Defendant's motion for summary judgment [doc. no. 10] is, therefore, DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record